﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 190617-13566
DATE: January 30, 2020

REMANDED

Entitlement to service connection for a right foot disability is remanded.

Entitlement to service connection for a heart disability is remanded.

REASONS FOR REMAND

The Veteran served as a member of the United States Navy with active duty service from February 1986 to February 1991.

This appeal comes to the Board of Veterans’ Appeals (Board) from a rating decision, dated June 2019, issued by a Department of Veterans Affairs (VA) Regional Office (RO). In its decision, a RO denied service connection for heart disease and a right foot condition because these conditions neither occurred in nor were caused by service.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. As the Veteran’s appeal occurred after February 2019, the Veteran’s appeal falls under AMA.

The issue on appeal is remanded to correct a duty to assist error that occurred prior to the June 2019 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain a VA examination prior to the rating decision on appeal regarding whether the Veteran’s claimed disabilities were caused or aggravated by the Veteran’s military service. However, based on the evidence associated with the claims file prior to the June 2019 rating decision, the Board finds that a VA examination/medical opinion is required to determine whether his claimed disabilities are related to his military service.

1. Entitlement to service connection for a right foot disability is remanded.

Although the Board regrets the additional delay, the Veteran’s remaining claim must be remanded before the Board is able to make a determination on the merits. Specifically, the Board finds that additional supporting evidence is required in developing the Veteran’s claim.

The Veteran reported that while in service, he ruptured his achilles tendon which was aggravated during basic training. See Notice of Disagreement dated June 2019.

A review of the Veteran’s CAPRI records show that the Veteran consistently received treatment for a right foot disability. However, while the Veteran has submitted extensive medical records regarding treatment for his right foot disability, the Veteran has not undergone a VA examination specifically addressing his right foot disability. The Board finds that a remand is required in order to obtain a VA examination which fully addresses the etiology of any current right foot disability.

2. Entitlement to service connection for a heart disability is remanded.

Although the Board regrets the additional delay, the Veteran’s remaining claim must be remanded before the Board is able to make a determination on the merits. Specifically, the Board finds that additional supporting evidence is required in developing the Veteran’s claim.

The Veteran reported that while in service, he had a mild heart attack. See Notice of Disagreement dated June 2019. Private treatment records from Kaiser Permanente received in May 2019 show treatment for the Veteran’s heart condition.

A review of the Veteran’s CAPRI records show that the Veteran consistently received treatment for a heart disability. However, while the Veteran has submitted extensive medical records regarding treatment for his heart disability, the Veteran has not undergone a VA examination specifically addressing his heart disability. The Board finds that a remand is required in order to obtain a VA examination which fully addresses the etiology of any current heart disability.

Accordingly, the matters are REMANDED for the following action:

1. The AOJ should schedule the Veteran for a VA medical examination with an appropriate qualified physician. All necessary diagnostic testing and evaluation should be performed, and all findings set forth in detail. 

Based upon a review of the entirety of the claims file, the history presented by the Veteran, and the examination results, the examiner is requested to provide an opinion as to the following questions:

(a.) Please identify any right foot disability that is currently manifested.

(b.) For any right foot disability identified is it at least as likely as not (i.e. probability of 50 percent or greater) that the disability was incurred during the Veteran’s active military service?

(c.) Please identify any heart disability that is currently manifested.

(d.) For any heart disability identified is it at least as likely as not (i.e. probability of 50 percent or greater) that the disability was incurred during the Veteran’s active military service?

Explanations for all opinions must be provided. In providing the requested rationale, the examiner is asked to cite to the pertinent evidence of record, including clinical records and the Veteran’s statements regarding the onset of his symptoms. 

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Bristor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.